# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| OSCAR ARMANDO SARRES MENDOZA, ) <br>     ID # 1361831, ) <br>         Petitioner, ) <br> vs. ) <br> ) <br> RICK THALER, Director, ) <br> Texas Department of Criminal ) <br> Justice, Correctional Institutions Division, ) <br>         Respondent. ) | No. 3:11-CV-1001-K (BH) <br><br> Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

## I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 12, 2011. The respondent is Rick Thaler, Director of TDCJ-CID.

On April 4, 2006, after he plead guilty to aggravated robbery in Cause No. F05-53194, a jury sentenced petitioner to twenty years. *See* Petition (Pet.) at 2; *Mendoza v. State*, 2007 WL 1054166 (Tex. App.–Dallas April 10, 2007). He filed a direct appeal of this conviction, arguing that his trial counsel was ineffective at punishment for failing to question the probation supervisor about available drug treatments. *Id.* Petitioner's conviction and sentence were affirmed in an unpublished opinion on April 10, 2007. *Id.* On September 12, 2007, his petition for discretionary review was struck by the Texas Court of Criminal Appeals as non-compliant. *See* PD-0954-07. Petitioner filed his state writ on October 20, 2009, and it has not been addressed by the trial court and or by the

Texas Court of Criminal Appeals. (*See* Pet. at 3-4, 8; www.dallascounty.org, Cause No. W05-53194;[1] *see also* www.cca.courts.state.tx.us, search for case name and petitioner).

In his federal petition, petitioner asserts that his guilty plea was involuntary, that his attorney was ineffective at trial for failing to request the use of a Spanish interpreter, that the evidence is insufficient to support his conviction, and that his appellate attorney provided ineffective assistance of counsel. (Pet. at 7-8).

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity

---

[1] Dallas County on-line records have Petitioner's state writ under the name "Oscar Armando."

to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, petitioner has not fairly presented the four claims he raises in his federal petition to the Court of Criminal Appeals. While he did appeal his conviction, he did not raise these issues on direct appeal, and his state applications for writ of habeas corpus have not been ruled on by the trial court or the Court of Criminal Appeals. The Court of Criminal Appeals has not had an opportunity to review the claims raised in his federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is therefore not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III. RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.[2]

**SIGNED this 13th day of May, 2011.**

**IRMA CARRILLO RAMIREZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Because the state court has not yet addressed petitioner's underlying claims, this court need not reach the issue of whether the federal petition is also time-barred.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE